Stella REYES, etc., Plaintiff-Appellee,

v.

VANTAGE STEAMSHIP CO., INC., et al., Defendants-Appellants.

No. 81–2241
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

April 9, 1982.

James E. Ross, Houston, Tex., for defendants-appellants.

Frank Caton, Houston, Tex., for plaintiff-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

POLITZ, Circuit Judge:

We again consider the legal effect of the circumstances surrounding the unfortunate drowning death of Florentino Reyes, a crew member of the S/S NATIONAL DEFENDER, a vessel owned and operated by Vantage Steamship Company, Inc. The factual background of this litigation is set forth in detail in our earlier opinion, *Reyes v. Van-*

tage S.S. Co., Inc., 558 F.2d 238 (5th Cir. 1977), modified, 609 F.2d 140 (5th Cir. 1980). We merely reiterate that Reyes, a 44 year old seaman employed as an oiler aboard NATIONAL DEFENDER, drowned while attempting to swim approximately 100 yards to a buoy, while the vessel was anchored off the coast of Libya. The autopsy revealed a blood alcohol content of .185%. The trial court originally concluded that Reyes' negligence was the sole cause of his death. We reversed, finding Vantage negligent for failing to equip the NATIONAL DEFENDER with statutorily required rescue equipment and for providing alcoholic beverages to the crew. On rehearing we noted "the task of the trial court on remand: the court must determine the issues of causation for the two faults held, as well as comparative fault." 609 F.2d at 141.

On remand, the trial court found that the failure to maintain a line-throwing device on board was a contributing cause of Reyes' death, that the unchecked sale of alcohol on board was a substantial factor in bringing about his death, and that the defendants were 15% at fault in a comparative fault analysis. In addition, the district court concluded that since the plaintiff was not included in the list of claimants submitted to the bankruptcy court when the defendants sought reorganization in January of 1977, and because the plaintiff did not receive timely notice of the conversion of the bankruptcy proceedings, the claim was not discharged in bankruptcy. We affirm.

### Causation

On appeal, the appellants challenge the factual findings relating to the line-throwing device. We previously held that the omission of this device from the vessel's equipment constituted negligence. The law having been decided, the trial court addressed the factual dimensions of the inquiry: (1) whether the device could have been used in time; (2) whether it would have been reasonable to use it under the circumstances; and (3) whether, in terms of probabilities, the use would have saved Reyes' life. The trial judge found that the

safety device, if available, could have been timely and effectively used, and its use probably would have avoided the drowning. The trial judge also found that the vessel's sale of alcohol to Reyes was a contributing factor to his death, concluding that "Reyes jumped overboard because of an inhibition in judgment attributable to the alcohol made available to him by the shipowner."

These findings are protected by Fed.R.Civ.P. 52(a), unless clearly erroneous. To characterize findings as clearly erroneous, we must have, after reviewing the evidence, "a definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed.2d 746 (1948). We have no such conviction; the findings are supported by the record.

### Withdrawal of Admission

The defendants have advanced the defense of discharge in bankruptcy. In the course of rejecting this defense, the district court permitted the plaintiff to withdraw an answer to a request for admission posed prior to trial. The request read:

Admit or deny that Counsel for the Plaintiff herein was advised of the bankruptcy proceedings ... before the time for filing claims in such proceedings expired.

This request was admitted. At close of the evidence, the plaintiff moved to withdraw the admission. Rule 36(b) of the Federal Rules of Civil Procedure authorizes the withdrawal or amendment of an admission when "the presentation of the merits of the action will be subserved" and the opposing party fails to satisfy the court that "withdrawal or amendment will prejudice him in maintaining his ... defense on the merits."

The district court's ruling was correct; the plaintiff's admission was based on a faulty assumption. The record reflects that counsel for the defendants directed a letter to counsel for the plaintiff, dated July 11, 1978, which contained the statement: "We are also to mention the fact that should you obtain a judgment in the pending litigation, you will have the right to file a claim against the appropriate bank-

rupt estate as a general unsecured creditor." Counsel erroneously assumed that receipt of this letter required the admission of the request at issue.

It appears that the National Transport Corporation and the Vantage Steamship Company filed bankruptcy petitions, under Chapter XI of the pre-1978 Act, in January of 1977. The two corporations were adjudicated bankrupt on December 6, 1977, when the proceedings were converted into a Chapter IV bankruptcy. Notices of adjudication and conversion were mailed to creditors on January 11, 1978. The plaintiff did not receive that notice; the bankrupts had not scheduled her as a creditor.

Under section 17(a)(3) of the Bankruptcy Act in effect during 1978, 11 U.S.C. § 35(a)(3) (now repealed), debts which were not "duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt" were not discharged "unless such creditor had . . . actual knowledge of the proceedings in bankruptcy." In the present case, the only notice afforded the plaintiff was the letter from defense counsel to her counsel, the contents of which were communicated to her subsequently. Since Rule 906(e) of the Federal Rules of Bankruptcy Procedure provides that notice is complete upon mailing, the defendants argue that the plaintiff had notice or actual knowledge of the bankruptcy proceeding as of the date of their attorney's letter. Further, because the plaintiff did not enter a proof of claim seasonably, the defendants assert that their viable discharge in bankruptcy defense was prejudiced when the district court allowed the withdrawal of the admission. This contention requires close examination.

Under Rule 302(e), Fed.R.Bankr.P., claimants are allowed six months to file a claim in a converted bankruptcy proceeding. The six month period runs from date of notice. The triggering notice is that prescribed by Rule 122, Fed.R.Bankr.P., which relates to the conversion of a Chapter XI case to a Chapter IV proceeding. Rule 122(3) requires that creditors be given notice of the "order directing that the case continue as a bankruptcy case," and states that the mailing begins the claim filing period.

The notice of conversion was mailed on January 11, 1978. The final day for the filing of a proof of claim in the Chapter IV proceeding was July 11, 1978.[1] Defense counsel's letter to plaintiff's counsel bears that date. We conclude that this letter does not constitute the statutory notice which is to be given to creditors when a Chapter XI petition is converted to a Chapter IV proceeding.

Absent statutory notice, we must determine whether the letter from defense counsel imparted "actual knowledge" within the meaning of section 17(a)(3). That determination must be made against the backdrop of the obligation of a debtor to notify all creditors of the pending bankruptcy proceeding.

In *Moureau v. Leaseamatic, Inc.,* 542 F.2d 251, 253 (5th Cir. 1976) (*citing In re Venson,* 234 F.Supp. 271 (N.D.Ga.), *aff'd,* 337 F.2d 616 (5th Cir. 1964)), we remarked that "it has long been held that the debtor must take great care in the scheduling of creditors." A failure to do so renders the unscheduled debt non-dischargeable "unless it is clear that the creditor had actual notice in ample time fully to protect his rights." 542 F.2d at 253. *See, e.g., Birkett v. Co-*

---

1. Rule 122(3) of the Rules of Bankruptcy Procedure prescribes:

Notice of the order directing that the case continue as a bankruptcy case shall be given to all creditors in the manner provided by Rule 203 within 20 days after entry of the order and shall accompany the notice of the first meeting of creditors if one is held. If no first meeting of creditors is held, the date of the mailing of the notice of the order as provided in this paragraph shall be deemed the first date set for the first meeting of creditors for the purpose of *any rule* referring

to the date to prescribe the time when or within which an act is required or allowed to be done . . . .

(Emphasis added.) Since the record contains no suggestion that a creditors meeting was held, the period in which to submit a proof of claim began to run on January 11, 1978 with the mailing of the notice of adjudication. Pursuant to Rule 302(e), which recites that "a claim must be filed within six months . . .," the expiration date for filing claims was July 11, 1978.

*lumbia Bank*, 195 U.S. 345, 350, 25 S.Ct. 38, 40, 49 L.Ed. 231, 232 (1904) ("Actual knowledge of the proceedings, contemplated by the section, is a knowledge in time to avail a creditor of the benefits of the law,—in time to give him an equal opportunity with other creditors,—not a knowledge that may come so late as to deprive him of participation in the administration of the affairs of the estate or to deprive him of dividends"); *In re Computer Utilization, Inc.*, 508 F.2d 673 (5th Cir. 1975).

In the final analysis, the question presented becomes rhetorical. It cannot be maintained seriously that the plaintiff had notice of the proceeding in time to protect her claim when her only knowledge came from a letter dated on the last day of the claim period. The trial judge properly allowed the withdrawal of the admission that her lawyer had been advised of the bankruptcy proceedings before the time for filing a proof of claim had expired. On the state of this record, the refusal to allow the withdrawal would have constituted both error and an abuse of discretion. Further, we find no merit in the discharge in bankruptcy defense.

The decision of the trial court is AFFIRMED in all respects.