K.R. JONES

v.

EMPLOYERS INSURANCE
OF WAUSAU.

Civ. A. No. C82–1068.

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 27, 1982.

E. Graydon Shuford, Jr., Decatur, Ga., for plaintiff.

Robert M. Darroch, Swift, Currie, McGhee & Hiers, Atlanta, Ga., for defendant.

ORDER

ORINDA D. EVANS, District Judge.

This action is before the Court on the Plaintiff's Motion to Withdraw Admissions.

I. *Facts*

On July 20, 1982, Employers Insurance of Wausau served a copy of the Request for Admission of Facts and Genuineness of Documents on the Plaintiff. The Plaintiff served a copy of the Responses on the Defendant on August 7, 1982. Employers Insurance of Wausau filed a Motion for Summary Judgment on September 8, 1982. On October 4, 1982, the Plaintiff filed his Response to the Defendant's Motion for Summary Judgment.[1] The Plaintiff filed the Motion presently before the Court on October 8, 1982, requesting permission to withdraw admissions to Request numbers 5, 8, 9, 10 and 11 and to substitute answers to those requests. The Defendant filed briefs in opposition to the Motion to withdraw admissions on October 15 and October 18, 1982.

The Defendant's requests for admissions involved in the instant case are as follows:

*Request number 5:*

That FLORENCE JONES received Exhibit "2."

(Exhibit "2" is a letter sent by Betty Goodwin, Underwriting Correspondent for Employers Insurance of Wausau, to Florence Jones requesting that Florence Jones complete and send to the insurance company a rating statement and new application.)

*Request number 8:*

That Exhibit "3" was enclosed with Exhibit "2."

(Exhibit "3" is a form entitled·"Offer to Purchase Additional Coverages and Georgia Supplementary Automobile Application.)

*Request number 9:*

That the document attached hereto as Exhibit "3" is true and accurate copy of Defendant's "offer to Purchase Additional Coverages."

*Request number 10:*

That FLORENCE JONES received Exhibit "3" and did not respond within 30 days.

*Request number 11:*

That FLORENCE JONES chose $10,000 Personal Injury Protection on October 24, 1980.

The Plaintiff's original responses to the above requests for admissions are as follows:

*Response to request 5:*

Admitted.

*Response to request 8:*

Admitted, however, plaintiff again denies that the form delineated as Exhibit "3" was not a proper and legal form according to law and that the plaintiff was thereby not properly offered optional PIP benefits according to law.

*Response to request 9:*

Plaintiff admits that the document delineated by defendant as Exhibit "3" is titled "Offer to Purchase Additional Coverages and Georgia Supplementary Automobile Application," however denies that said documents is [sic] a proper application and offer to plaintiff to purchase additional PIP coverage.

*Response to request 10:*

Plaintiff admits that his wife, Florence Jones, received Exhibit "3" and that she responded to same within approximately thirty (30) days including mailing time.

*Response to request 11:*

Admitted, however, plaintiff submits that the election of Florence Jones of $10,000 personal injury protection did not relieve

---

1. The Court, on November 22, 1982, entered an Order which stayed consideration of the Defendant's Motion for Summary Judgment until December 31, 1982. In this Order, the Court stayed consideration of 27 summary judgment motions or similar dispositive motions in *Jones*-type cases.

the defendant of its duty to properly offer plaintiff and his wife the optional no-fault coverages as required by Georgia Code Annotated Section 56–3405(b) and that the failure to do so by defendant allows plaintiff to retroactively elect the $50,000.00 coverage as provided by law and *Jones v. State Farm Insurance Company,* 156 Ga.App. 230, 274 S.E.2d 623.

The Plaintiff now wishes to withdraw the above admissions and substitute the following answers to the Defendant's requests.

*Substituted answer to request number 5:*

Plaintiff withdraws his response to Request No. 5 of defendant and denies receiving Exhibit "2" which was attached to the Defendant's Motion for Summary Judgment and denies that his wife received same.

*Substituted answer to request number 8:*

Plaintiff withdraws his answer to No. 8 to Defendant's request and denies receiving Exhibit "3", and cannot state whether or not Exhibit "3" was enclosed with Exhibit "2", if it was sent at all. Plaintiff further states that if the form was sent it was not a proper offer of optional PIP benefits according to law and denies that his wife received same.

*Substituted answer to request number 9:*

Plaintiff withdraws his answer to Request No. 9 and states that he is without information and belief to admit or deny whether or not Exhibit "3" is a true and accurate copy of Defendant's offer to purchase additional coverage and therefore denies that said document is a valid offer to purchase additional coverage. Plaintiff further states that even if the Court determines that Exhibit "3" is a true and accurate copy of Defendant's offer to purchase additional coverages that same is not a proper and legal offer to Plaintiff to purchase additional PIP coverage pursuant to law.

*Substituted answer to request number 10:*

Plaintiff withdraws his answer and admission to Request No. 10 and states that he did not receive at any time Exhibit "3" from the Defendant or any of its agents and denies that his wife received same.

*Substituted answer to request number 11:*

Plaintiff withdraws his answer to Request No. 11 and states that his wife, FLORENCE JONES, did elect $10,000.00 before December, 1980, however cannot state whether or not the date was October 24, 1980 and therefore denies said request. Plaintiff further states that even though his wife did elect $10,000.00 personal injury protection coverage this did not relieve Defendant of its duty to properly offer the Plaintiff and his wife the optional no-fault coverages as required by Ga.Code Ann.Sec. 56–3405(b) and that the failure to do so by Defendant allows the Plaintiff to retroactively elect the $50,000.00 coverages as provided by law and *Jones v. State Farm Insurance Company,* 156 Ga.App. 230, 274 S.E.2d 623.

II. *Discussion*

Federal Rule of Civil Procedure 36(b) states that:

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits . . . .

This rule "emphasizes the importance of having the action resolved on the merits, while at the same time assuring each party that justified reliance on an admission in preparation for trial will not operate to his prejudice." Advisory Committee Note to 1970 amendment of Rule 36.

 In general, an admission should be binding on the party who made it. However, courts have occasionally allowed amendment or withdrawal "when an admission no longer is true because of changed circumstances or through honest error a party has made an improvident admission."

8 C. Wright & A. Miller, Federal Practice and Procedure § 2264 (1970); *e.g., Reyes v. Vantage Steamship Co.,* 672 F.2d 556 (5th Cir.1982) (plaintiff's admission based on faulty assumption). The Court, in its discretion, can permit the withdrawal or amendment of admissions if "presentation of the merits" will be served. The rule does not require the moving party to prove "excusable neglect." 4A J. Moore, Moore's Federal Practice ¶ 36.08 (2d ed. 1982).

However, at this point, the Plaintiff has not made a sufficient showing to persuade the Court that justice will be better served by allowing the substitution of the admissions. The Plaintiff has not offered a justification for the need for the substitution or explained who is responsible for the filing of the responses which the Plaintiff now wishes to withdraw.

If the Plaintiff wishes to pursue this motion, both the client and his attorney should file affidavits within twenty (20) days of the entry of this Order. These affidavits should specifically state the facts concerning the filing of the first responses and what happened to necessitate the withdrawal and substitution of the admissions.

The Court will DEFER ruling on this Motion until that time.

SO ORDERED, this 27 day of December, 1982.