United States Court of Appeals,

Fifth Circuit.

No. 92-3587

Summary Calendar.

Charles R. BRILEY, Plaintiff-Appellee,

v.

Kenneth J. HIDALGO, Sr., Defendant-Appellant.

Jan. 20, 1993.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before REYNALDO G. GARZA, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

FACTS

Briley and Hidalgo were both shareholders in Yvonne Bailey, Inc. ("Bailey"). On January 16, 1979, Briley executed a promissory note on behalf of Bailey in favor of Ford Motor Credit Corporation ("FMCC") for $745,000. The proceeds of the loan were used to finance the acquisition of the M/V Private. As security, FMCC obtained a first preferred ship mortgage on the M/V Private and two guaranties, one executed by Hidalgo and Jerry Hoffpauir, and another executed by Charles and Alice Briley.

In January of 1984, Mr. Briley began informing his friends and family that he was experiencing financial troubles. Soon thereafter, on February 21, 1984, the Brileys filed for Chapter 11 bankruptcy. The Brileys listed FMCC as a creditor; however, they neglected to list their guaranty liability on the note.

Bailey had previously ceased making payments on the note. Consequently, FMCC commenced preliminary action to recover the deficiencies under the guaranties. This action motivated Hidalgo and Hoffpauir to pay off the corporate debt to FMCC. On February 16, 1985, Hidalgo and Hoffpauir paid FMCC $781,682.72 to purchase the note. In exchange, FMCC assigned to Hidalgo

and Hoffpauir, without recourse, the note, the security, and the Briley's guaranty.[1]

In the meantime, the Brileys had converted their bankruptcy to a Chapter 7, and received a discharge on June 24, 1985.[2] Further, the Brileys had no notice of Hidalgo's behind the scene activities. After Hidalgo became sole owner of the security interests, he brought an action to foreclose the M/V Private. The end result of the foreclosure proceedings, which culminated in a marshall's sale, found Hidalgo purchasing the vessel for $225,000.[3] Hidalgo then commenced this action seeking to recover the deficiency on the note from Briley.

## PROCEEDINGS

On May 24, 1989, Charles and Alice Briley were each served with a summons and complaint filed by Hidalgo in his action on the note. The Brileys relied on their discharge and failed to answer or otherwise respond. Consequently, on July 31, 1989, more than two months after they were served, a default judgment was entered against the Brileys for $762,244.48.[4] Hidalgo then brought suit in state court in order to execute upon his default judgment. The Brileys commenced this action in response to Hidalgo's collection activities.

The case was tried before the district court without a jury. The court reasoned that a default judgment creditor who held unlisted debt, but had notice of the bankruptcy in a timely manner nevertheless had any debt owed to him discharged.[5] The court buttressed its position by noting Mr.

---

[1]The note and the security for the note, including the Brileys' guarantee, were then assigned to First National Bank of St. Mary Parish in partial consideration for the bank's financing a portion of the money used to pay off FMCC. In 1986, after Hidalgo had repaid the bank, the bank then reconveyed the security back to Hidalgo.

[2]FMCC had failed to file a proof of claim in the Brileys' bankruptcy proceedings, and also failed to attend the Section 341 meeting of creditors or file any objections. The bankruptcy court included in its notice for the Section 341 meeting the following: "A creditor must file a claim whether or not he is included in the list of creditors filed by the debtor. Claims which are not filed within 90 days after the above date set for the meeting of creditors will not be allowed...."

[3]The M/V Private was eventually transferred to Marine Asset Management for a stipulated value of $175,000. Marine then sold the vessel to P.A. Bruce, Inc. for $135,000.

[4]The judgment was comprised of $662,821.29 for the deficiency on the note, $99,423.19 in attorney's fees as of December 14, 1989, and post-judgment interest from that date forward.

[5]*See* 11 U.S.C. § 523(a)(3); *see also Crutcher v. Aetna Life Ins. Co.,* 746 F.2d 1076, 1080 (5th Cir.1984); *Bankers Mortgage Co. v. United States,* 423 F.2d 73, 79 (5th Cir.), *cert. denied,*

Hidalgo's own testimony and Mr. Hoffpauir's testimony in determining that Hidalgo had notice of the Brileys' bankruptcy.[6]

The court also rejected Hidalgo's contention that the default judgment was unassailable because it was more than one year old.[7] Judge Mentz concluded that this case fell within the ambit of Fed.R.Civ.P. 60(b)(4), which need not be brought in the one year time period. Accordingly, the court entered judgment for the Brileys and vacated the default judgment.

Subsequently, Hidalgo made a motion for a new trial. Hidalgo argued that the correct standard to be applied when determining whether or not a creditor has actual notice of a debtor's bankruptcy proceedings is the clear and convincing standard.[8] The court rejected this contention because there was a dearth of case law to support it, and then concluded that the preponderance of the evidence standard was the correct standard to be applied. In any event, the court stated that under any applicable standard, be it clear and convincing or otherwise, Hidalgo had notice. Therefore, the court denied the motion for a new trial. Hidalgo appeals.

## DISCUSSION

Hidalgo asserts three grounds on appeal: (i) the Brileys' Rule 60(b) motion was based on mistake and, thus, was barred by the one year statute of limitations; (ii) the Brileys' debt was never discharged because it was not scheduled; and (iii) the district court incorrectly applied the preponderance of the evidence standard in determining actual notice. The Brileys counter with: (i)

---

399 U.S. 927, 90 S.Ct. 2242, 26 L.Ed.2d 793 (1970).

[6]Mr. Hidalgo testified at trial that while he was not certain, he believed that he had learned of the Brileys' bankruptcy from Walter Antin, an attorney, in early 1984. Similarly, Hoffpauir testified that he had actual notice of the bankruptcy both by word of mouth and notice from the bankruptcy court. The court found that it was likely that if Hoffpauir knew that Hidalgo also knew. Therefore, the court did not give much credence to Hidalgo's testimony, spare what constituted his admission.

[7]Hidalgo argued that the Brileys' basis for relief was mistake under Fed.R.Civ.P. 60(b)(1), which contains an express one year statute of limitations.

[8]The impetus for Hidalgo's argument emanates from *Reyes v. Vantage S.S. Co., Inc.* 672 F.2d 556, 558 (5th Cir.1982) (*citing Moureau v. Leaseamatic, Inc.,* 542 F.2d 251, 253 (5th Cir.1976)). In *Reyes* the court used the word "clear" in alluding to the actual notice provision in Section 523(a)(3)(B). However, neither court mandated the application of the clear and convincing burden of proof.

Rule 60(b)(4) was properly applied by the district court free of the one year time limit because a Section 524 discharge renders subsequent judgments void; (ii) the assignee of a debt, Hidalgo, can obtain no better rights than the assignor FMCC; and (iii) the court below correctly found that Hidalgo had actual knowledge of the Brileys' bankruptcy. We find that the district court properly found that Hidalgo had sufficient notice of the Brileys' bankruptcy and properly found that the default judgment was void. Therefore, WE AFFIRM.

i. Rule 60(b)(4) applies to void judgments free of a one year time limit.

Hidalgo argues that the Brileys' defense to the default judgment rested on their *mistaken belief* that they did not need to answer the summons and complaint. Consequently, they argue that relief based on mistake must be brought within one year of the judgment. *See* Fed.R.Civ.P. 60(b)(1). To support his contention Hidalgo relies on *Gulf Coast Bldg. & Supply Co. v. International Bhd. of Elec. Workers, Local No. 480, AFL-CIO,* 460 F.2d 105 (5th Cir.1972).

Hidalgo cites *Gulf Coast* for the proposition that where relief is premised on mistake the one year time limit cannot be circumvented by also claiming that the judgment is void under Rule 60(b)(4). Hidalgo's reliance is misplaced because *Gulf Coast* expressly stated that the claim at hand was within the ambit of Rule 60(b)(1) *if it was within Rule 60(b) at all. Id.* at 108. The court further noted that the judgment was not void and, therefore, Rule 60(b)(4) was inapplicable. *Id.*

The district court properly categorized the Brileys' defense as a Rule 60(b)(4) motion despite the dicta in *Gulf Coast.* Therefore, the district court was free to entertain the Rule 60(b)(4) free of the one year stricture. *See* Fed.R.Civ.P. 60(b). Further, with regard to void judgments:

> [T]here is no time limit on an attack on a judgment as void. The one-year limit applicable to some Rule 60(b) motions is expressly inapplicable, and even the requirement that the motion be made within a "reasonable time," which seems literally to apply to motions under Rule 60(b)(4), cannot be enforced with regard to this class of motion. A void judgment cannot acquire validity because of laches on the part of the judgment debtor.

Wright & Miller, *Federal Practice and Procedure: Civil,* § 2862, 197-98 (1973).

ii. The unscheduled debt was properly discharged under Section 523(a)(3)(B).

Hidalgo contends that because the guaranty debt was not listed by the Brileys, they cannot be discharged. This argument reduces to whether Hidalgo had actual notice of the Brileys'

bankruptcy. Under Section 523(a)(3)(B), even unscheduled debts are discharged provided that the creditor has actual notice of the case. Therefore, we are reviewing the factual findings of the district court. We accord the factual findings of the district court great deference, and will not upset them unless they are clearly erroneous. See Fed.R.Civ.P. 52(a). Furthermore, where, as here, the district court has substantially based its conclusions on witness demeanor and credibility we will defer strongly to those findings. *See Anderson v. Bessemer City,* 470 U.S. 564, 575, 105 S.Ct. 1504, 1512, 84 L.Ed.2d 518 (1985).

Although, the appellant has attempted to muddy the standard of review as to actual knowledge in this context, the district court's findings are nevertheless enshrouded with the protection of the clearly erroneous standard. *See id.* The district court's analysis with regard to *Reyes* and *Moureau* is forceful.[9] Indeed, both cases describe the actual knowledge exception in Section 523(a)(3)(B) to be extremely narrow. *See Reyes,* 672 F.2d at 558; *Moureau,* 542 F.2d at 253. However, it is the unique set of facts in this case taken as a whole, which bring it within that narrow exception. The district court properly weighed the testimony and concluded that Hidalgo knew about the Briley's bankruptcy.

## CONCLUSION

The district court was not bound by the one year time limit associated with Rule 60(b)(1) claims, because this case was clearly premised on Rule 60(b)(4)'s provision on void default judgments. Moreover, the district court did not err in attributing actual knowledge to Hidalgo of the Brileys' bankruptcy. Thus, the court below properly held that the Brileys' guaranty debt was discharged under Section 523(a)(3)(B). Accordingly, a default judgment that rests on a discharged debt should be vitiated under Rule 60(b)(4). The district court properly vacated the default judgment and, therefore, WE AFFIRM.

---

[9]After reviewing both *Reyes* and *Moureau,* we find that neither case supports appellant's contention that clear and convincing evidence was required to prove actual notice under Section 523(a)(3)(B).