IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 93-2156
_____


W. DOUGLAS WILLIAMS et al.,

                         Plaintiffs-Appellants,

v.

THE HONORABLE JACK BROOKS,

                         Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

July 15, 1993

Before KING, JOLLY and DeMOSS, Circuit Judges.

KING, Circuit Judge:

     This is the second time this case has come before us on

appeal from a pre-trial order by the district court.  W. Douglas

Williams and Texas Dynamics, Inc., appeal the district court's

denial of a Rule 60(b) motion seeking to reinstate their

complaint against Texas Congressman Jack Brooks that was

dismissed by the district court.  The appellee, Congressman

Brooks, has filed a motion to dismiss the appeal on the ground

that the appellants are in effect attempting to use a Rule 60(b)

motion as an impermissible substitute for an appeal and that

their failure to have filed a timely notice of appeal from the

dismissal deprives this court of appellate jurisdiction under Rule 4(a) of the Federal Rules of Appellate Procedure. We hold that the district court abused its discretion in denying the Rule 60(b) motion.

## I.

W. Douglas Williams and Texas Dynamics, Inc., filed suit against Congressman Jack Brooks in Texas state court on February 22, 1988. The complaint alleged that Brooks had defamed Williams and Texas Dynamics during a press interview. Brooks, who invoked the defense of official immunity, removed the case to federal district court. On March 16, 1990, the district court denied Brooks' motion to dismiss on the grounds of official immunity. Brooks filed a notice of interlocutory appeal of the district court's denial of the order on April 27, 1990. Oral argument occurred in this court on February 8, 1991.

While the interlocutory appeal was pending, the district court, which believed it still possessed jurisdiction over the case, dismissed the case with prejudice on the ground that the parties had failed to file a joint pre-trial order in a timely fashion. The appellants in this case, believing that the district court had no jurisdiction to dismiss the case while the interlocutory appeal was pending, initially did nothing in response to the district court's dismissal. Meanwhile, Congressman Brooks continued to pursue his interlocutory appeal. On October 25, 1991, this court affirmed the original order of the district court, which had denied Brooks' motion to dismiss on

immunity grounds.  A petition for rehearing en banc was denied on December 13, 1991.  The mandate issued on December 23, 1991. Brooks petitioned the Supreme Court for a writ of certiorari, which was denied on May 18, 1992.

In January and October of 1992, after this court's mandate had issued in Brooks' interlocutory appeal, Williams filed two essentially identical post-judgment motions to set aside the district court's dismissal of the case.[1]  The district court ignored the first motion and denied the second motion. Williams and Texas Dynamics presently appeal from the district court's denial of second order, entered January 15, 1993.

## II.

In order to resolve this appeal, we must engage in some amount of meandering.  Congressman Brooks argues that this appeal must be dismissed as untimely under Rule 4(a) of the Federal Rules of Appellate Procedure because the appellants failed to appeal the district court's original dismissal within the thirty days required by that rule.  The appellants argue that the district court lacked jurisdiction to dismiss the case while it was on an interlocutory appeal and, thus, the appellants were not required to appeal what was in effect a legal nullity.  Without citing any authority on point, the appellants argue that the

---

[1] Although Williams' motions were not formally entitled as "Rule 60(b)" motions, we must treat them as such since they was filed more than ten days after the entry of judgment.  See Harcon Barge v. D & G Boat Rentals, Inc., 784 F.2d 665 (5th Cir. 1986) (en banc).

3

filing of a notice of interlocutory appeal regarding an immunity issue entirely divests a district court of jurisdiction in the case until a remand by an appellate court.

As an initial matter, we agree that Congressman Brooks' filing of the interlocutory appeal on the immunity issue divested the district court of jurisdiction to proceed against him.  A number of other circuits have addressed the precise issue on this appeal and have uniformly held that the filing of a non-frivolous notice of interlocutory appeal following a district court's denial of a defendant's immunity defense divests the district court of jurisdiction to proceed against that defendant.  <u>See</u> <u>Chuman v. Wright</u>, 960 F.2d 104, 105 (9th Cir. 1992) (citing cases from three circuits); <u>Stewart v. Donges</u>, 915 F.2d 572, 575-76 (10th Cir. 1990); <u>see</u> <u>also</u> <u>United States v. Claiborne</u>, 727 F.2d 842, 850 (9th Cir. 1984) ("Ordinarily, if a [party's] interlocutory claim is considered immediately appealable . . . , the district court loses its power to proceed from the time the [party] files its notice of appeal until the appeal is resolved."); <u>United States v. Dunbar</u>, 611 F.2d 985 (5th Cir. 1980) (en banc).  As the court in <u>Stewart</u> held, "[t]he divestiture of jurisdiction occasioned by the filing of a timely notice of appeal is especially significant when the appeal is an interlocutory one" on an immunity issue.  <u>Stewart</u>, 918 F.2d at 575.[2]

---

[2] Immunity, whether qualified or absolute, is an entitlement to be free from the burdens of time-consuming pre-trial matters and the trial process itself.  <u>See</u> <u>Mitchell v. Forsyth</u>, 472 U.S.

4

However, we observe that simply because a court lacks jurisdiction does not mean that a party should entirely ignore that court's dismissal, as the appellants did for many months in this case. Rather, the proper course to have taken would have been to timely appeal the district court's dismissal on the merits on the ground that the court lacked jurisdiction to dismiss the case. Then again, in the particular circumstances presented here, failure to appeal the original dismissal within the ordinary thirty-day period required by Rule 4 was not the end of the story. A party who fails to appeal a dismissal within the thirty-day period may nevertheless have the case reinstated on the ground that the judgment dismissing the case was void for lack of jurisdiction by filing a motion pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. That is, when the district court lacked jurisdiction to dismiss in the first place, a Rule 60(b)(4) motion should ordinarily be granted as a matter of course.[3] Although we agree with Congressman Brooks that

511, 526-27 (1985). "[I]t is effectively lost" if a case is erroneously permitted to proceed at the district court level while an interlocutory appeal of a denial of immunity is pending. Id. at 526. Thus, the traditional rule that the filing of a notice of appeal divests a district court of jurisdiction, see Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982), applies with particular force in the immunity context.

We reserve the question whether an interlocutory appeal on an immunity issue by one co-defendant in a multi-defendant case would divest the district court of jurisdiction over the non-appealing defendants.

[3] See Carimi v. Royal Caribbean Cruise Lines, Inc., 959 F.2d 1344, 1345 (5th Cir. 1992); King Fisher Marine Serv. v. 21st Phoenix Corp., 893 F.2d 1155, 1158 (10th Cir. 1990) (citing Wright & Miller, *Federal Practice & Procedure* § 1444, at 223-25); Bludworth Bond Shipyard, Inc. v. M/V Caribbean Wind, 841 F.2d

ordinarily a Rule 60(b) motion should not be used as a substitute for appeal,[4] precedent in this circuit forecloses application of this general rule in the context of Rule 60(b)(4) motions attacking judgments that are void for a lack of jurisdiction.  As we held in Briley v. Hidalgo, 981 F.2d 246 (5th Cir. 1993), "[t]here is no time limit on an attack on a judgment as void" under Rule 60(b)(4).  Id. at 249 (citing Wright & Miller, *Federal Practice & Procedure*, § 2862, at 197-98).  In Briley, a Rule 60(b)(4) motion was filed by a party over a year after a default judgment was entered against him.  Id.

As noted, Williams filed two Rule 60(b)(4) motions, which were essentially identical.[5]  According to the docket sheet, the district court never ruled on the first motion.  However, on January 15, 1993, the court did deny the second motion, which simply reurged the same grounds advanced in the first motion and also noted that, by that point, the motion was unopposed. Because the district court lacked jurisdiction to dismiss the

---

646, 648-49 (5th Cir. 1988); Bally Export Co. v. Balicar, Ltd., 804 F.2d 398, 400-01 (7th Cir. 1986) ("[I]f the district court in the underlying action had no jurisdiction over the defendants it was a *per se* abuse of discretion to deny the defendants' rule 60(b)(4) motion."); see generally Annotation, *Lack of Jurisdiction, or Jurisdictional Error, as Rendering Federal District Court Judgment "Void" for Purposes of Relief Under Rule 60(b)(4) of the Federal Rules of Civil Procedure*, 59 A.L.R. Fed. 831.

[4] See Re Air Crash at Dallas/Forth Worth Airport, 852 F.2d 842, 844 (5th Cir. 1988).

[5] Both were entitled "Motion to Set Aside Default Judgment." The first was filed January 10, 1992; the second motion was filed November 21, 1992.

6

case, the court abused its discretion in denying the second Rule 60(b)(4) motion.

## III.

Accordingly, we REVERSE the judgment of the district court and REMAND for further proceedings.  Furthermore, we DENY Congressman Brooks' motion to dismiss the appeal.

7