United States Court of Appeals
Fifth Circuit

**F I L E D**

June 18, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

03-21199
Summary Calendar

UNITED STATES OF AMERICA,

Petitioner-Appellee,

VERSUS

MICHAEL ALOYSIUS, also known as Michael Amadi,

Respondent-Appellant.

Appeal from the United States District Court
For the Southern District of Texas
(H-94-MC-116)

Before DUHÉ, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[1]

This immigration appeal concerns the revocation of Appellant
Michael Aloysius' naturalization. Aloysius challenges the district
court's denial of his motion to set aside the order revoking his
naturalization on due process grounds, arguing that he should have
the opportunity to be heard on the factual basis for the
revocation. Appellant also contends that the district court lacked

---

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jurisdiction, because the Government's motion to vacate the naturalization was not timely. We review a ruling on a motion for relief from judgment for abuse of discretion.[2] Finding the Government's motion to vacate timely and no due process violations, we conclude that the court did not abuse its discretion and affirm.

I.

Aloysius first challenges the district court's jurisdiction to vacate his naturalization.[3] Following Aloysius' naturalization proceedings, the United States moved to vacate the naturalization decree, urging that Aloysius obtained his naturalization by fraud, that is, by answering questions falsely and concealing his involvement in drug trafficking that would have disqualified him for naturalization. Aloysius complains that the district court lacked jurisdiction because the Government filed its motion to vacate more than a year after he was administratively accepted for naturalization.

---

[2] Pease v. Pakhoed Corp, 980 F.2d 995, 998 (5th Cir. 1993).

[3] Appellant raised this issue June 19, 2003, in a reply memorandum in connection with his motion to set aside the order vacating naturalization for lack of subject matter jurisdiction. Although the order vacating naturalization was entered in 1994, there is no time limit on an attack of a judgment as void. The time limit for certain other motions under Rule 60(b) does not apply to an attack on a judgment as void. Fed. R. Civ. P. 60(b); Briley v. Hidalgo, 981 F.2d 246, 249 (5th Cir. 1993) (no time limit on Rule 60(b)(4) attack on a judgment as void for lack of jurisdiction); see also, with respect to the second ground for Aloysius' appeal, Bass v. Hoagland, 172 F.2d 205, 209 (5th Cir.) (recognizing a challenge that a judgment was reached without due process of law to be an attack on the judgment as void), cert. denied, 338 U.S. 816, 70 S.Ct. 57, 94 L.Ed. 494 (1949).

2

The Federal Rules of Civil Procedure require that a motion for relief from judgment based on fraud be filed "not more than a year after the judgment, order, or proceedings was entered or taken."[4] Although Aloysius was administratively accepted for naturalization on his interview date, February 10, 1993, he was naturalized by the court at an oath ceremony on April 16, 1993.[5] The Government filed its Rule 60(b) motion to vacate on March 24, 1994 — within a year of those proceedings but beyond a year from the interview date.

We are not persuaded by Appellant's contention that the appropriate date to count from was the date he was interviewed. Aloysius argues without citation to authority that the later ceremonial date was a mere formality. An oath ceremony is required for admission to citizenship by statute and regulation.[6] Aloysius was naturalized by the court when he took the oath of allegiance on April 16, 1993, and the one-year period for the Government's Rule 60(b) was set into motion by those proceedings.

The court did not abuse its discretion in denying Aloysius relief based on untimeliness of the Government's motion to vacate.

II.

---

[4]  Fed. R. Civ. P. 60(b) & (b)(3).

[5]  R. 8.

[6]  8 U.S.C. § 1448(a) (applicant for naturalization to be admitted to citizenship must take oath of allegiance in a public ceremony); 8 C.F.R. § 337.9(a) (applicant is "deemed a citizen" as of the date of oath).

Aloysius next contends that reversal is warranted because he was entitled to a due process hearing to determine the accuracy of the information used by the Government in seeking to vacate his naturalization.

The record reflects that Aloysius did receive due process. The Government served him notice by mailing its motion to vacate both to his residence and to the federal detention center. A court order advised the parties of the hearing date and time. Aloysius did not respond or appear. Upon granting the Government's motion, the court allowed Aloysius an additional opportunity to be heard by granting him thirty days to submit a memorandum showing why his petition for naturalization should not be denied.

Apparently as part of his due process challenge, Aloysius also presents an argument about the sequence of events, noting that on the dates of his statements, February 10 and April 16 of 1993, he could not possibly have known that he would be indicted in December of that year and convicted in the following February. The jury found Aloysius guilty of a conspiracy to import heroin that lasted from early October 1992 to September 8, 1993. On this record the district court did not abuse its discretion in finding Appellant made material misrepresentations in 1993 concerning a crime for which he had not been arrested and illicit trafficking in drugs. We find no abuse of discretion in the district court's denying Aloysius relief from the judgment based on due process concerns.

III.

Upon our finding of no reversible error, the judgment of the district court is

AFFIRMED.