United States Court of Appeals
Fifth Circuit

**F I L E D**

July 12, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———

No. 07-50440

———

ALICE L, as next friend of R L, a minor; KATHY P,
individually and as next friend of L P, a minor,

Plaintiffs - Appellees

v.

JENNIFER DUSEK,

Defendant - Appellant

———

Appeal from the United States District Court
for the Western District of Texas

———

Before GARZA, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:

The appellant, Jennifer Dusek, seeks to stay all district court proceedings in this case pending her interlocutory appeal of the district court's denial of qualified immunity)) which Dusek sought in defense from the plaintiffs' claim under 42 U.S.C. § 1983. Dusek's primary concerns are discovery requests the plaintiffs made related to their 20 U.S.C. § 1681 ("Title IX") claims against Dusek's co-defendant, Eanes ISD. These discovery requests require Dusek to answer certain interrogatories and produce certain documents. The district court denied Dusek's request to stay these proceedings and has ordered Dusek's compliance even while her interlocutory appeal is pending.

Dusek argues that the district court has no authority to compel her compliance with these discovery orders because her interlocutory notice of appeal on the denial of qualified immunity divests the district court of jurisdiction over all claims in this case, including the plaintiffs' Title IX claim against Eanes ISD, or, at the very least, Dusek claims the district court is divested of jurisdiction over her personally.

A notice of appeal from an interlocutory order does not produce a complete divestiture of the district court's jurisdiction over the case; rather, it only divests the district court of jurisdiction over those aspects of the case on appeal. Our caselaw makes this point clearly: "It is the general rule that a district court is divested of jurisdiction upon the filing of the notice of appeal with respect to any matters involved in the appeal. However, where an appeal is allowed from an interlocutory order, the district court may still proceed with matters not involved in the appeal." Taylor v. Sterrett, 640 F.2d 663, 667-68 (5th Cir. 1981); see also Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.") (emphasis added).

How broadly a court defines the aspects of the case on appeal depends on the nature of the appeal. Dusek argues that her appeal of the district court's denial of qualified immunity is so broad as to divest the district court of jurisdiction to compel her compliance with discovery requests made related to the Title IX claims against Eanes ISD. We disagree. Although qualified immunity is "an entitlement to be free from the burdens of time-consuming pre-trial matters and the trial process itself," Williams v. Brooks, 996 F.2d 728, 730 n.2 (5th Cir. 1993), it is "a right to immunity from certain claims, not from litigation in general," Behrens v. Pelletier, 516 U.S. 299, 312 (1996) (emphasis in original). Even though the factual basis of the Title IX claims and the § 1983

2

claim overlap, the claims are legally distinct)) notably, Dusek does not and cannot assert qualified immunity from the Title IX claim against Eanes ISD. To the extent that Dusek is subject to discovery requests on claims for which she does not or cannot assert qualified immunity, such discovery requests do not implicate her right to qualified immunity. The district court may compel discovery disclosures related to the plaintiffs' Title IX claims because doing so does not interfere with any aspect of Dusek's appeal.

Additionally, Dusek requests a stay of trial on the Title IX claim. Dusek made no argument before the district court for a stay of trial, so we will not consider the argument now. See Fed. R. App. P. 8(a)(1). In any event, the district court has given no indication that it intends to proceed to trial on the Title IX claim while Dusek's qualified immunity claim is still being appealed.

Finally, Dusek asserts that the district court improperly granted the plaintiffs permission to file an amended complaint after Dusek had filed her notice of appeal. Dusek did not raise this argument until her reply, therefore we will not consider it. See Morin v. Moore, 309 F.3d 316, 328 (5th Cir. 2002).

We further note that the district court denied Dusek's request to stay proceedings on April 19, 2007. Yet, Dusek waited until July 2 to file her motion in this court and requested that it be treated as an emergency, seeking a decision before July 13. This court strongly disfavors the practice of creating an "emergency" by waiting to file a motion.

IT IS ORDERED that Dusek's motion to stay district court proceedings pending appeal is DENIED.