Charles TORNS, Jr., Plaintiff–Appellant

v.

MISSISSIPPI DEPARTMENT OF CORRECTIONS; Geneve Breland, Technician for Mississippi Department of Corrections Inmate Legal Assistance Program; Captain Loyd Beasley, SMCI Disciplinary Hearing Official; Ronald King, Superintendent for SMCI; Christopher B. Epps, Commissioner, Mississippi Department of Corrections; other John Jane Does, Defendants–Appellees.

No. 08–60403
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 25, 2009.

Charles Torns, Jr., Leakesville, MS, pro se.

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

Charles Torns, Jr., Mississippi prisoner # 32205, has filed a motion to proceed in forma pauperis (IFP) on appeal following the district court's denial of his motion to proceed IFP in that court in his civil rights action. Pursuant to FED. R.APP. P. 24(a), this court may entertain a motion to proceed IFP on appeal when the litigant has been denied leave to proceed IFP on appeal by the district court. A litigant may not proceed IFP on appeal unless he demonstrates financial eligibility and the existence of a nonfrivolous issue for appeal. See FED. R.APP. P. 24(a); Carson v. Polley, 689 F.2d 562, 586 (5th Cir.1982).

The district court determined that Torns was barred from proceeding IFP in his civil rights action because Torns had accumulated three strikes under 28 U.S.C. § 1915(g). Our review, however, shows that the district court erred in attributing a strike to Torns for his appeal in Simpson v. Fordice, No. 96–60305, 1998 WL 413801 (5th Cir. June 17, 1998) (unpublished). In that matter, Torns's appeal was dismissed for failure to prosecute; Torns therefore does not incur a strike under § 1915(g) for a frivolous appeal. As we are unaware of any additional strikes that may properly be attributed to Torns at this time, we grant Torns's motion to proceed IFP on appeal and vacate the district court's denial of Torns's motion to proceed IFP in the district court. We remand this aspect of the case for further proceedings consistent with this opinion.

Should the district court, on remand, grant Torns's motion to proceed IFP in the district court, the case may proceed by means of FED.R.CIV.P. 60(b)(1), either on Torns's motion or sua sponte. See McDowell v. Celebrezze, 310 F.2d 43, 44 (5th Cir.1962). Because Torns did not timely appeal from the district court's final judgment—but only from the denial of his motion to proceed IFP in the district court— the district court was never divested of jurisdiction over the former aspect of the case. See Alice L. v. Dusek, 492 F.3d 563, 564–65 (5th Cir.2007).

IFP GRANTED; DENIAL OF MOTION TO PROCEED IFP IN THE DISTRICT COURT VACATED; REMANDED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.