RHESA HAWKINS BARKSDALE, Circuit Judge,
dissenting in part.
I respectfully dissent from the majority’s holding in part II.A. at 6 that “the district court lacked jurisdiction to decide the second motion to compel”, which concerned Berger’s second amended complaint, pending resolution of the appeal from the earlier denial of the first motion to compel, which concerned Berger’s amended complaint.
As discussed in the majority opinion at 4, the second amended complaint was filed after the first motion to compel was filed, but before the First Order, which denied that motion. Except for new paragraphs 40-43, which added two new claims, the second amended complaint was identical to the amended complaint. “[A]n amended complaint ordinarily supersedes the [preceding complaint] and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading”. Boelens v. Redman Homes, Inc., 759 F.2d 504, 508 (5th Cir.1985). Because the second amended complaint did neither, it superseded the amended complaint.
As such, the first motion to compel, and resulting First Order, concerned a complaint that carried “no legal effect” when that order was issued. See id. On the other hand, the second motion to compel and corresponding Second Order (issued after the notice of appeal from the First Order was filed), addressed the new claims in the second amended complaint, which was the operative, or “live”, complaint añd included all of Berger’s claims, new and old. The reasoning and ruling in the Second Order were a continuation and validation of those in the First Order. Therefore, the district court had jurisdiction to enter the Second Order insofar as it brought completion and legal effect to the arbitrability determination.
In any event, pursuant to Weingarten Realty Investors v. Miller, 661 F.3d 904 (5th Cir.2011), and contrary to the majority’s analysis, the district court had jurisdiction to issue the Second Order. Weingarten held an interlocutory appeal from denial of a motion to compel arbitration does not automatically divest the district court of jurisdiction to proceed with other issues in that action. Id. at 908. Instead, the district court maintains jurisdiction over matters not involved in the appeal. *317 Id.; see also Alice L. v. Dusek, 492 F.3d 563, 564-65 (5th Cir.2007). Consistent with that, the district court did not stay this action pending the appeal from the First Order.
“A narrow interpretation is normally appropriate” when a court addresses how broadly to define the aspects of an appeal. Weingarten, 661 F.3d at 908. The aspects of Appellants’ first appeal, when narrowly interpreted, can be defined as the arbitra-bility vel non of the claims stated in Berger’s amended complaint and addressed in Appellants’ first motion to compel. As discussed, Berger’s second amended complaint raised two new claims not addressed in that first motion to compel. As such, Appellants’ second motion to compel, and the resulting Second Order, only addressed claims not included in the First Order.
This framing of the “aspects on appeal” is supported by precedent. In Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982), the Court held jurisdiction was divested when a notice of appeal challenging a judgment was filed while a motion to amend that judgment was pending. See Weingarten, 661 F.3d at 909 (summarizing Griggs). On the other hand, in Alaska Electrical Pension Fund v. Flowserve Corp., 572 F.3d 221 (5th Cir.2009), our court held jurisdiction was not divested when an appeal was filed on a matter (denial of class certification) distinct from that being addressed in a motion in district court (loss-causation on the merits), despite the fact that “the two issues [were] practically identical”. Id. at 233; see also Weingarten, 661 F.3d at 909 (discussing Alaska Electrical).
In the action at hand, the second motion to compel addressed distinct/new claims from those on appeal. Therefore, a stay pending appeal not having been imposed by the district court, it had jurisdiction to rule on the second motion, despite the dispositive issue in each (arbitrability vel non) being identical. To hold otherwise impermissibly exalts form over substance, resulting in unnecessary delay in resolution of this action, waste of scarce judicial resources, and needless expense for the parties.
Accordingly, under either basis, the district court had jurisdiction to rule on the second motion to compel arbitration, resulting in the appeal • from the denial of that motion being properly before our court for resolution now. Therefore, I respectfully dissent from the majority’s holding the district court lacked such jurisdiction.